# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

April 11, 2020

Lyle W. Cayce
Clerk

————

No. 20-50296

————

In re:  GREG ABBOTT, in his official capacity as Governor of Texas; KEN PAXTON, in his official capacity as Attorney General of Texas; PHIL WILSON, in his official capacity as Acting Executive Commissioner of the Texas Health and Human Services Commission;  STEPHEN BRINT CARLTON, in his official capacity as Executive Director of the Texas Medical Board; KATHERINE A. THOMAS, in her official capacity as the Executive Director of the Texas Board of Nursing,

     Petitioners

————————————

On Petition for Writ of Mandamus to
the United States District Court
for the Western District of Texas

————————————

Before DENNIS, ELROD, and DUNCAN, Circuit Judges.

PER CURIAM:

On April 10, 2020, we entered a partial administrative stay of the district court's April 9 temporary restraining order ("TRO") against the Texas Governor's emergency executive order, GA-09. In our previous mandamus opinion, we explained that GA-09 seeks to preserve critical medical resources and slow the spread of the COVID-19 pandemic by postponing certain non-essential medical procedures for three weeks until April 21, 2020. *In re Abbott*, --- F.3d ---, 2020 WL 1685929, at *1 (5th Cir. Apr. 7, 2020). We further explained that GA-09 "is a concededly valid public health measure that applies to all 'surgeries and procedures,' does not single out abortion, and . . . has an

exemption for serious medical conditions." *Id.* at *1. The district court's April 9 TRO restrains operation of GA-09 as to three specific categories of abortion procedures: (1) medication abortions; (2) abortions for women who would be more that 18 weeks LMP ["last menstrual period"] on April 22, 2020; and (3) abortions for women who would be past the legal limit for an abortion in Texas—22 weeks LMP—on April 22, 2020. Doc. 63. On April 10, Texas officials sought mandamus relief in our court, as well as filing motions for emergency stay of the TRO and for a temporary administrative stay of the TRO pending our consideration of the mandamus petition and emergency stay motion. Later that same day, we granted a partial administrative stay of the April 9 TRO. Our stay expressly does not apply to the third category of abortions in the TRO—namely, abortions for women who would on April 22 be past the legal limit for abortions in Texas. *See In re Abbott*, No. 20-50296, ECF 12 at 4 (5th Cir. Apr. 10, 2020). We simultaneously ordered expedited briefing on the emergency stay motion to be completed by Monday, April 13 at noon, and expedited briefing on the mandamus petition to be completed by Wednesday, April 15 at 2:00 pm. *Id.*

Our dissenting colleague insists there is something untoward in our entering a temporary administrative stay here. That is incorrect. Entering temporary administrative stays so that a panel may consider expedited briefing in emergency cases is a routine practice in our court. *See, e.g.*, *M.D. by Stukenberg v. Abbott*, No. 18-40057, ECF 12 (5th Cir. Jan. 19, 2018) (granting "temporary, administrative stay . . . to provide sufficient time to receive any opposition and fairly consider whether a formal stay pending appeal should issue or whether this temporary stay should be dissolved") (Dennis, Southwick, and Higginson, JJ.). This routine action falls within the "power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*,

299 U.S. 248, 254 (1936). Moreover, as we have explained, the panel has ordered expedited briefing on the underlying stay motion and mandamus petitions that will be completed by Monday and Wednesday of next week, respectively. The merits issues discussed by the dissenting opinion will be more appropriately addressed in the context of those expedited proceedings.

IT IS ORDERED that respondents' emergency motion to lift the partial administrative stay entered by this Court on April 10, 2020, is DENIED.

JAMES L. DENNIS, Circuit Judge, dissenting.

I would grant the motion to lift the administrative stay. As the petitioners note, the authority to administratively stay a lower court order while this court considers a matter is within our inherent discretionary powers, and the standard for its use is only that it is warranted in our reasoned judgment. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). So too then is the power to lift such a stay, and I believe doing so is warranted here.

The district court in this case reviewed the evidence and made detailed factual findings as to why applying the Executive Order to the classes of abortion at issue here would not preserve personal protective equipment or hospital capacity. Indeed, the district court found that doing so would have a net negative effect on the conservation of both resources and on the overall effort to combat the COVID-19 pandemic. By contrast, the district court found that temporarily barring the respondents from performing these procedures would permanently deny many people the fundamental bodily autonomy to which they are constitutionally entitled and subject many more to greatly increased financial costs and elevated risk to their health, safety, and general well-being. Based on my preliminary review, these findings are not clearly erroneous—the record is replete with accounts of the devastating effect the Executive Order has already had on these people's lives, many of whom were

3

already experiencing great personal and economic hardship as a result of the pandemic.

Thus, the administrative stay does not operate simply to preserve the status quo to facilitate our review of the lower court decision. Instead, the risk that it will inflict—and is currently inflicting—real, tangible harm far outweighs the risk that harm may result from leaving the district court's order in effect while we decide the petitioners' emergency motion for a stay on the merits. I therefore respectfully dissent.